[No. 13960–6–I.   Division One.   February 27, 1984.]

THE STATE OF WASHINGTON, *Petitioner,* v. JOHN
J. GLASSER, *Respondent.*

*Seth Dawson, Prosecuting Attorney,* and *Constance M. Crawley, Deputy,* for petitioner.

*Norman Besman* of *Snohomish County Public Defender Association,* for respondent.

PER CURIAM.—The State seeks discretionary review of a superior court decision denying a writ of certiorari and affirming an order of deferred prosecution entered in Cascade District Court. We grant review and reverse.

The facts are undisputed. On January 8, 1983, John J. Glasser was arrested for driving while intoxicated. Prior to trial he received a comprehensive alcohol evaluation which revealed no alcohol related problems. On March 18, Glasser appeared for trial and was found guilty. A presentence investigation was ordered and sentencing was set for April 18. At the sentencing hearing, Glasser for the first time requested that he be considered for deferred prosecution based on a report of the probation department concluding that Glasser had a serious alcohol problem. This request was granted and Glasser underwent a third evaluation which also concluded that Glasser had alcohol related problems. Based upon the last two reports, an order of deferred prosecution was entered over the State's objection.

The State contends that the District Court committed an obvious error in ordering deferred prosecution *after* Glasser had been found guilty. We agree.

Deferred prosecution is a statutorily created sentencing alternative of "pre–conviction probation", which complements the traditional choices of imprisonment, fine, and postconviction probation. *State ex rel. Schillberg v. Cascade Dist. Court,* 94 Wn.2d 772, 779, 621 P.2d 115 (1980). The statute provides for referral of a defendant for treatment with the postponement of trial and the eventual removal of records relating to the charges. RCW 10.05. Application for consideration under a deferred prosecution alternative is to be made "upon arraignment". RCW 10.05-.010. The statute as interpreted by *State ex rel. Schillberg v. Cascade Dist. Court, supra,* does not permit a trial court to order a deferred prosecution after a defendant has been tried and convicted. Since the District Court in the instant case was without jurisdiction to order deferred prosecution, the writ of certiorari to the superior court should have been granted and the order of deferred prosecution reversed.

Reversed and remanded.

Reconsideration denied May 17, 1984.

Review denied by Supreme Court September 7, 1984.