9 P.3d 835 (2000)
102 Wash.App. 84
STATE of Washington, Respondent,
v.
H.E.J., Appellant.
No. 44863-3-I.
Court of Appeals of Washington, Division 1.
July 17, 2000.
Publication Ordered August 31, 2000.
*836 Dana M. Nelson, Nielsen Broman & Associates Pllc, Seattle, for Appellant.
Maureen A. Howard, Prosecuting Atty. King County, King County Prosecutor/Appellate Unit, Seattle for Respondent.
PER CURIAM.
H.J., who exposed his erect penis during a class at his junior high school, argues that the trial court did not have the authority to order him to have a sexual deviancy evaluation. We disagree and hold further that the court did not abuse its discretion when it restricted H.J. from having any unsupervised contact with children younger than himself.
H.J. exposed his erect penis to one of his teachers and a counselor at his high school. He was charged with two counts of indecent exposure and was found guilty as charged. A judge ordered him to serve 5 days of confinement, 12 months of community supervision, and 8 hours of community service on each count. Additionally, the court ordered him to participate in a sexual deviancy evaluation, follow all treatment recommendations, and have no unsupervised contact with persons younger than himself.

Sexual Deviancy Evaluation and Treatment
H.J. argues on appeal that the trial court did not have the authority to order him to undergo sexual deviancy treatment. He contends that the court could order him to undergo that treatment only if he was convicted of a sex crime. We disagree.
When a juvenile is adjudicated of an offense, a standard range disposition is determined according to RCW 13.40.0357. The standard range disposition for H.J.'s crime of indecent exposure was what is known as "local sanctions," which may consist of one or more of the following: 0-30 days of confinement, 0-12 months of community supervision, 0-150 hours of community service, and a $0-$500 fine.
RCW 13.40.020(4) defines "community supervision" as
an order of disposition by the court of an adjudicated youth not committed to the department or an order granting a deferred disposition. A community supervision order for a single offense may be for a period of up to two years for a sex offense as defined by RCW 9.94A.030 and up to one year for other offenses.... Community supervision is an individualized program *837 comprised of one or more of the following:
(a) Community-based sanctions;
(b) Community-based rehabilitation;
(c) Monitoring and reporting requirements;
(d) Posting of a probation bond[.]
"Community-based rehabilitation" is defined in RCW 13.40.020(1) as
one or more of the following: Employment; attendance of information classes; literacy classes; counseling, outpatient substance abuse treatment programs, outpatient mental health programs, anger management classes, education or outpatient treatment programs to prevent animal cruelty, or other services; or attendance at school or other educational programs appropriate for the juvenile as determined by the school district.
H.J. contends that although certain treatment programs were contemplated within the local sentencing option, sexual deviancy treatment was not one of the programs contemplated. He argues that sexual deviancy treatment was an option only under former RCW 13.40.160(4),[1] the Special Sexual Offender Disposition Alternative (SSODA), which is available only if the offender was convicted of a sex offense. Indecent exposure is not a sex offense.
The relevant part of former RCW 13.40.160(4), which is now codified as RCW 13.40.160(3), provided that
[w]hen a juvenile offender is found to have committed a sex offense, other than a sex offense that is also a serious violent offense as defined by RCW 9.94A.030, and has no history of a prior sex offense, the court, on its own motion or the motion of the state or the respondent, may order an examination to determine whether the respondent is amenable to treatment.
Under RCW 13.40.160(3), the court, after receiving a report from the evaluator and determining that the special sex offender disposition alternative was appropriate, could order the juvenile to participate in outpatient or inpatient sex offender treatment.
H.J. contends it is obvious that the Legislature intended to treat sex offenders differently from other offenders, and that if the Legislature had meant for "community-based rehabilitation" to include sex offender treatment, that type of treatment would have been mentioned specifically in the definition of "community-based rehabilitation," as was treatment for cruelty to animals.
H.J. does not cite any cases holding that a court may order a sexual deviancy evaluation only if the juvenile was convicted of a sex offense. Nor does he cite any cases holding that a court may order only such treatment or evaluations as are specifically described in RCW 13.40.020(1). Given the amount of discretion courts have to determine the appropriate disposition for juveniles, it seems unlikely the Legislature intended to limit the courts so: "The juvenile court [ ] retains discretion to tailor the disposition to meet the needs of the juvenile and the rehabilitative and accountability goals of the juvenile code."[2]
The court's disposition in this case was tailored to meet H.J.'s needs. The testimony at trial established that H.J. masturbated while sitting across a table from his teacher and then exposed his erect penis to her. He later did the same thing to a counselor. Under these circumstances, the trial court determined that H.J.'s exposing his penis was a "sexual event."[3] Therefore, even though indecent exposure is not considered a sex offense, the court concluded a sexual deviancy evaluation was appropriate and that H.J. should follow whatever treatment recommendations the evaluator recommended.
H.J. argues, however, that the court's determination that his actions constituted a sexual event, when the State did not file an allegation that his crime was committed with *838 a sexual motivation, violates the principles underlying the real facts doctrine. "Under the real facts doctrine, the sentencing court may not justify an exceptional sentence by using facts that would elevate the crime for which the defendant was convicted to a more serious crime."[4]
H.J., however, was not given a disposition outside the standard range. Therefore, even if the real facts doctrine applies to juvenile sentences, it does not apply in this case.

Unsupervised Contact
H.J. next argues that the trial court erred when it ordered that he may not have any unsupervised contact with children younger than himself. He contends that community supervision does not include crime-related prohibitions.
But community supervision may include monitoring and reporting requirements.[5] Monitoring and reporting requirements include the following:
Curfews; requirements to remain at home, school, work, or court-ordered treatment programs during specified hours; restrictions from leaving or entering specified geographical areas; requirements to report to the probation officer as directed and to remain under the probation officer's supervision; and other conditions or limitations as the court may require which may not include confinement[.][[6]]
The definition of "monitoring and reporting requirements" is broad enough to include restrictions on contact with a specified class of individuals.
In the adult sentencing context, restrictions on contact with certain persons must relate to the circumstances of the offender's crime.[7] No authority was found indicating that such restrictions must relate to the offender's crime in a juvenile context also. Assuming, however, that the restrictions must be crime related, we find that the order prohibiting H.J. from having unsupervised contact with children younger than himself was sufficiently related to his crime.
H.J. exposed his penis during a class at his junior high school. His teacher had to move to prevent a classmate of H.J.'s from witnessing his actions. Because H.J. intentionally exposed himself in a place where young people congregate, the lower court did not abuse its discretion by imposing the restriction on his contact with persons younger than himself.
H.J.'s order of disposition is affirmed.
NOTES
[1] RCW 13.40.160 was amended in 1999 and subsection 4 was renumbered.
[2] See State v. J. H., 96 Wash.App. 167, 181, 978 P.2d 1121, rev. denied, 139 Wash.2d 1014, 994 P.2d 849 (1999).
[3] RP 38.
[4] State v. Taitt, 93 Wash.App. 783, 789-90, 970 P.2d 785 (1999); RCW 9.94A.370(2).
[5] RCW 13.40.020(4).
[6] RCW 13.40.020(18).
[7] See State v. Riles, 135 Wash.2d 326, 351, 957 P.2d 655 (1998); State v. Llamas-Villa, 67 Wash. App. 448, 456, 836 P.2d 239 (1992); see also RCW 9.94A.120(19) (the court may impose an order "that relates directly to the circumstances of the crime for which the offender has been convicted, prohibiting the offender from having any contact with other specified individuals or a specific class of individuals").