20 P.3d 978 (2001)
STATE of Washington, Appellant,
v.
Ancelmo Hernandez LOPEZ, Respondent and Cross-Appellant.
No. 19222-9-III.
Court of Appeals of Washington, Division 3, Panel Five.
March 13, 2001.
Publication Ordered April 10, 2001.
*980 Carl A. Munson, Jr., Lauri M. Boyd, Deputy Prosecuting Attorneys, Yakima, for Appellant.
Hugh M. Spall, Jr., Ellensburg, for Respondent.
*979 SCHULTHEIS, J.
Ancelmo Lopez was convicted in juvenile court of residential burglary, third degree malicious mischief, and being a minor in possession of alcohol. At sentencing, the court granted a motion for a deferred disposition pursuant to RCW 13.40.127. On appeal, the State contends a deferred disposition is unavailable after a trial has already occurred. The State also challenges the court's alternative ruling that a deferred disposition may be imposed upon a finding of manifest injustice. Mr. Lopez cross-appeals, contending the evidence does not support his convictions for residential burglary or malicious mischief. He also argues the late filing of the findings and conclusions prejudiced his appeal.
We find that the untimely findings and conclusions were not prejudicial and support the conviction. On the other hand, we find that the deferred disposition was unauthorized. Accordingly, we affirm the judgment but reverse and remand the order of deferred disposition.

FACTS
In July 1999, 16-year-old Mr. Lopez attended a drinking party at the home of Nicole Gonzales. Ms. Gonzales was 15 years old and lived across the alley from Mr. Lopez, but the two did not know each other well. The party began to disperse at dawn. Mr. Lopez was very intoxicated by that time. According to his testimony, he waited outside Ms. Gonzales's house for a friend to pick him up, but became discouraged and walked around to the back door. As he stumbled up the back steps, he fell against the screen door and broke the door's glass panel. He then walked through the unlocked door, realized to his surprise that no one was there, waited 15 or 20 minutes more, and then left to walk home. Police arrested him in the alley.
Ms. Gonzales gave a different story. She testified that Mr. Lopez appeared drunk that night and that she frequently tried to get him to leave the party. Sometime after the partygoers left, Mr. Lopez knocked on her door and asked her for a kiss. She told him to leave and shut the door. Not long after, *981 he punched a hole in her bedroom window, not in the screen door. Ms. Gonzales first hid in the bathroom, clutching a knife. When she thought she heard Mr. Lopez removing the glass from the window, she called her grandmother and ran out the front door with another girl who was sleeping at the house. Ms. Gonzales's grandmother met her on the street, called the police, and then took the girls back to the house to wait for the police to arrive. As the grandmother and the girls sat in the car across from the house, Mr. Lopez walked out the front door, hit the car with his hand, and threw a beer bottle as the car pulled away.
When the police investigated the interior of the house, they found a broken window and torn blinds, a set of shelving that had been knocked over, and a broken globe on the floor. The knife that Ms. Gonzales had left near the front door as she ran from the house was discovered in the basement. According to Ms. Gonzales, the lock to the basement door was also broken.
Mr. Lopez was charged by information with residential burglary (RCW 9A.52.025(1)), third degree malicious mischief (RCW 9A.48.090(1)(a)), and being a minor in possession (RCW 66.44.270.2A). The Yakima County juvenile court judge found him guilty of all charges. During the sentencing hearing, Mr. Lopez's counsel for the first time requested a deferred disposition pursuant to RCW 13.40.127. Defense counsel admitted it was unusual to request a deferred disposition after trial, but argued that Mr. Lopez's case was the kind the Legislature intended to address when it passed the statute. The State objected, arguing that the statute does not allow imposition of a deferred disposition if the trial has already occurred. Finding that the Legislature intended to give juvenile courts discretion and flexibility in sentencing, the court granted the motion for a deferred disposition. The court also recognized that the Court of Appeals might not agree that RCW 13.40.127 allows for a posttrial deferred disposition. Accordingly, the court alternatively found that Mr. Lopez's sincere remorse, his intoxication, and the serious effect of a felony on his record supported the imposition of a deferred disposition on the basis of manifest injustice.
The State appeals the deferred disposition. Mr. Lopez cross-appeals the judgment.

INSUFFICIENT FINDINGS AND CONCLUSIONS
Mr. Lopez first contends his judgment and sentence must be reversed and dismissed because the findings of fact and conclusions of law from his juvenile adjudication were not filed until after he filed his brief. He argues the written findings were tailored to rebut his claim of insufficiency of the evidence. Even so, he argues, the State fails to show that the evidence supports his guilty judgments on residential burglary and malicious mischief.
JuCR 7.11(d) requires entry of written findings and conclusions within 21 days after the juvenile files a notice of appeal. Mr. Lopez filed his notice of appeal on March 24, 2000. The presentment of proposed findings and conclusions was first set for June 21, but was continued. Eventually the findings were filed in September, almost three weeks after Mr. Lopez filed his appellate brief. Even if the findings and conclusions had been filed when first set for presentment, they would have violated the time limit of JuCR 7.11(d). However, untimely written findings will not require reversal as long as the defendant is not prejudiced and the State does not tailor the findings to meet the issues raised in Mr. Lopez's brief. State v. Head, 136 Wash.2d 619, 624-25, 964 P.2d 1187 (1998) (applying CrR 6.1(d)); State v. Pray, 96 Wash.App. 25, 30-31, 980 P.2d 240, review denied, 139 Wash.2d 1010, 994 P.2d 849 (1999).
Mr. Lopez contends the State significantly altered the trial court's oral findings to bolster the elements of malicious mischief and residential burglary. To prove third degree malicious mischief, the State had to show that Mr. Lopez knowingly and maliciously caused physical damage to the property of another. RCW 9A.48.090(1)(a). Physical damage is any diminution in the value of property as a consequence of the act. RCW 9A.48.100(1). "Malice may be inferred from an act done in wilful disregard of the *982 rights of another, or an act wrongfully done without just cause or excuse[.]" RCW 9A.04.110(12). In its oral ruling the court stated that the only evidence regarding the broken globe was that offered by the State. The court was "persuaded that Mr. Lopez broke the globe[,]" and that he intended to break it. Verbatim Report of Proceedings (VRP) at 111. The written findings state simply that "[t]he court found the Respondent intentionally broke a globe in the house." Clerk's Papers (CP) at 9. Clearly the written findings are consistent with the oral findings.
The same is true of the findings regarding the elements of residential burglary. "A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1). In the court's oral ruling it found that Mr. Lopez entered the house without permissionan unlawful entrybut without intent to commit a crime. While remaining unlawfully in the house, however, Mr. Lopez formed the intent to commit a crime. This crime could have been the unlawful entry of the basement or the breaking of the globe. The court noted that the knife that had been left on a hutch by Ms. Gonzales had been found in the basement. Absent an explanation by the defense, the court continued, the only reasonable inference it could make was that Mr. Lopez took the knife with the "unlawful intent to gain entry to the basement." VRP at 110. The written findings state that Mr. Lopez remained in the house without permission, removed the knife from the hutch, and took the knife to the basement to gain entry without the owner's permission. Additionally, the written findings indicate that the "court found by inference the entry into the basement was with intent to commit a crime therein." CP at 9.
Although this last finding is subtly different from the oral finding that Mr. Lopez's criminal intent was to unlawfully enter the basement, the difference does not represent a tailoring of the facts to meet Mr. Lopez's issues on appeal. If anything, the written finding is less clear (what crime did Mr. Lopez intend to commit in the basement?) than the oral finding. Because Mr. Lopez cannot show prejudice from the late filing of the findings and conclusions, reversal is not required.
Alternatively, Mr. Lopez argues that the evidence does not support his convictions for malicious mischief or residential burglary. He contends the residential burglary conviction depends on the validity of the malicious mischief conviction, which in turn depends solely on circumstantial evidence. In reviewing the sufficiency of the evidence, we consider the evidence and all reasonable inferences from the evidence in the light most favorable to the State. State v. Joy, 121 Wash.2d 333, 338-39, 851 P.2d 654 (1993). Our concern is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. Circumstantial evidence is considered as reliable as direct evidence. State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980).
Mr. Lopez contends the court improperly relied on an inference that because the globe was broken while he was in the house, he knowingly and maliciously broke it. He contends the inference that the globe was broken accidentally is equally likely. In review of the sufficiency of the evidence, however, we interpret any reasonable inferences in the light most favorable to the State. Joy, 121 Wash.2d at 339, 851 P.2d 654. Mr. Lopez confuses inferences arising from the evidence with permissive inferences used in jury instructions. He cites State v. Brunson, 128 Wash.2d 98, 107, 905 P.2d 346 (1995) and State v. Jackson, 112 Wash.2d 867, 774 P.2d 1211 (1989) for the principle that an inference must follow from the facts "more likely than not." But the trial court in this case was not dealing with an instruction like the ones in Jackson and Brunson, which stated that any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime therein. Circumstantial evidence, including the destruction of property in the house and the apparent use of the knife to break into the basement, supported the court's inference that Mr. Lopez intended to cause physical damage to *983 property in the house and that he created the intent to break the globe and the lock while he remained unlawfully in the house. RCW 9A.48.090(1)(a); RCW 9A.52.025(1).

DEFERRED DISPOSITION
The State argues on appeal that the juvenile court had no authority to grant Mr. Lopez a deferred disposition after he had been tried and convicted. The court held that a deferred disposition was available under either RCW 13.40.127 or as a manifest injustice alternative under RCW 13.40.0357(Option C) and RCW 13.40.160(2). None of these statutes authorize the cleansing of Mr. Lopez's record under these circumstances.
The purposes of the Juvenile Justice Act of 1977 are generally twofold: to respond to the needs of youthful offenders and to hold those offenders accountable for their offenses. RCW 13.40.010(2); State v. J.H., 96 Wash.App. 167, 172-73, 978 P.2d 1121 (1999), cert. denied sub nom. Anderegg v. Washington, 529 U.S. 1130, 120 S.Ct. 2005, 146 L.Ed.2d 956 (2000). In 1997, the Legislature amended the act with an emphasis on responding to the needs of juvenile offenders. J.H., 96 Wash.App. at 172, 978 P.2d 1121. One of the amendments was the adoption of RCW 13.40.127, authorizing deferred dispositions of juvenile offenders. RCW 13.40.127 replaced former RCW 13.40.125, which authorized deferred adjudication. Both statutes provide that "upon motion at least fourteen days before commencement of trial ..." the court may continue the case for disposition or adjudication for no more than a year, during which time the juvenile has to comply with conditions of community supervision. RCW 13.40.127(2), (5); former RCW 13.40.125(1), (2) (1995). At the end of the term and if the conditions of the deferral are met, the court will dismiss the case. RCW 13.40.127(9); former RCW 13.40.125(3) (1995).
Mr. Lopez requested a deferred disposition at sentencing, not "at least fourteen days before commencement of trial...." RCW 13.40.127(2). He met the eligibility requirements of the statute (no prior felony, no charge with a sex or violent offense, no prior deferred disposition or deferred adjudication, or two or more diversions) (RCW 13.40.127(1)) and argues that the 14 day rule is merely procedural, not a mandatory requirement. However, the trial court does not have inherent authority to suspend or defer a sentence; the Legislature must grant the court such power. State v. Bird, 95 Wash.2d 83, 85, 622 P.2d 1262 (1980); State v. Clark, 91 Wash.App. 581, 585, 958 P.2d 1028 (1998). As a consequence, the terms of the statutes that grant courts the authority to defer the imposition or execution of a sentence are mandatory; any court action that fails to follow the statutory provisions is void. Clark, 91 Wash.App. at 585, 958 P.2d 1028. The Juvenile Justice Act expressly provides that except as authorized under RCW 13.40.127 and under the sexual offender and chemical dependency provisions, "the court shall not suspend or defer the imposition or the execution of the disposition." Former RCW 13.40.160(8) (1997) (now subsection (7)).
In an analogous case involving deferred prosecution under RCW 10.05.010, State v. Glasser, 37 Wash.App. 131, 678 P.2d 827 (1984), the defendant requested a deferred prosecution at his sentencing hearing. The deferred prosecution statute, which allows for postponement of trial and eventual removal of the charges while the defendant is receiving substance abuse treatment, required the defendant to apply for deferred prosecution "[u]pon arraignment." Former RCW 10.05.010 (1982).[1] Noting that deferred prosecution is a statutorily created sentencing alternative, Glasser held that the trial court did not have jurisdiction to order a deferred prosecution after the defendant has been tried and convicted. Glasser, 37 Wash. App. at 132, 678 P.2d 827. Here, as in Glasser, the trial court did not have express statutory authority to grant a post-conviction deferred disposition. Consequently, the deferred disposition is void.
*984 Recognizing that it may have exceeded its authority in granting the deferred disposition, the court here alternatively found that manifest injustice required the same deferral of disposition based on the same conditions. Under RCW 13.40.160(2), the juvenile court may impose a disposition outside the standard range if it determines that a standard sentence would "impose an excessive penalty on the juvenile or would impose a serious, and clear danger to society in light of the purposes of this chapter." RCW 13.40.020(17) (defining "manifest injustice"). The court must support its finding of manifest injustice with clear and convincing evidence. RCW 13.40.160(2). Whether the court's reasons justify departure from the standard range is a question of law. State v. K.E., 97 Wash.App. 273, 279, 982 P.2d 1212 (1999). In this case, the court found that it would be a manifest injustice for Mr. Lopez to have a felony on his record. The court also orally ruled that Mr. Lopez's sincere remorse and the fact that intoxication affected his judgment supported a finding of manifest injustice.[2]
These findings do not support deferral of Mr. Lopez's disposition based on manifest injustice. The distinction between this case and other manifest injustice cases is that the court here is attempting to expunge Mr. Lopez's record, not to impose a sentence above or below the standard range. Whether or not Mr. Lopez received a deferred disposition, the court intended to impose the same sentencing conditions, all authorized by the sentencing guidelines of the Juvenile Justice Act. See RCW 13.40.0357. Mr. Lopez was ordered to comply with community supervision, community service, counseling, and restitution. The State does not challenge any of these conditions. The only aspect of his sentence that was not authorized by RCW 13.40.0357 was the vacation of his conviction at the end of the one-year deferral period.
RCW 13.50.050 governs the expungement of juvenile records. The statute unambiguously provides that the court may grant a motion to vacate and to seal the juvenile records if it finds that for a class B offense, the offender has not committed another crime within 10 years. Former RCW 13.50.050(10), (11)(a) (1997) (now subsections (11) and (12)). (Mr. Lopez's conviction for residential burglary is a class B offense. RCW 13.40.0357.) Once the conditions of the statute are met, the court has the nondiscretionary duty to seal the records. State v. T.K., 139 Wash.2d 320, 331, 987 P.2d 63 (1999). The trial court's efforts to bypass RCW 13.50.050 by allowing expungement of Mr. Lopez's conviction on the basis of manifest injustice is not authorized by statute. Accordingly, the order of deferred disposition, whether based on RCW 13.40.127 or on a manifest injustice, is reversed and remanded for resentencing.
Judgment affirmed; the order of deferred disposition reversed and remanded for resentencing.
KURTZ, C.J., and BROWN, J., concur.
NOTES
[1] RCW 10.05.010 now requires the petition for deferred prosecution to be filed at least seven days before the date set for trial, absent a showing of good cause for the delay.
[2] Voluntary use of drugs or alcohol is not a valid mitigating factor under the Juvenile Justice Act. K.E., 97 Wash.App. at 284, 982 P.2d 1212.