[No. 64958-2-I.    Division One.    January 31, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. NUR A. MOHAMOUD, *Respondent*.

754

*Daniel T. Satterberg, Prosecuting Attorney*, and *Michael J. Pellicciotti, Deputy*, for appellant.

*Elaine L. Winters* (of *Washington Appellate Project*), for respondent.

¶1 LAU, J. — This appeal involves the question of whether the deferred disposition statute, RCW 13.40.127, authorizes the juvenile court to order postconviction deferred disposition on its own initiative and without following statutory procedures. Because a juvenile court lacks both inherent authority and express statutory authority, on its own initiative, to defer disposition and because it failed to comply with the statute's mandatory procedures, the juvenile court's February 1, 2010 deferred disposition order is void. We remand for resentencing consistent with this opinion.

## FACTS

¶2 Seventeen-year-old Nur Jamal Mohamoud punched Isaiah Sutton[1] three times in the face. Sutton suffered a split lip, chipped teeth, and bruised gums. The State charged Mohamoud in juvenile court with one count of second degree assault. After one continuance, the trial was set for December 15, 2009.

¶3 Following plea negotiations, Mohamoud agreed to plead guilty to an amended charge of third degree assault.[2] The plea agreement bound the parties to recommend a standard range disposition.[3] Mohamoud agreed not to seek a deferred disposition.

¶4 At the January 13, 2010 guilty plea hearing, the court questioned the parties about a condition in the plea form that prevented Mohamoud from seeking a deferred disposition. The court expressed its strong preference to order a

---

[1] The report of proceeding refers to Isaiah Sutton as "Isaiah Woods," but the information, certification for probable cause, and deferred disposition order use the surname "Sutton."

[2] The standard range sentence for third degree assault is up to 30 days in detention. It is a nonviolent offense. A second degree assault conviction standard range sentence is 15 to 36 weeks at the Juvenile Rehabilitation Administration. Because second degree assault is a "violent offense," it is ineligible for deferred disposition consideration. RCW 9.94A.030(53); RCW 13.40.0357, .127(1).

[3] The State agreed to recommend at disposition 6 months' community supervision, 24 hours' community service, victim penalty assessment, restitution, and no contact with the victim and witness.

deferred disposition and its confusion over whether it had authority to do so. While it convicted Mohamoud on his plea of guilty to the amended charge of third degree assault, it continued the disposition hearing on its own initiative. The court then ordered the juvenile probation counselor to further investigate the appropriateness of a deferred disposition in Mohamoud's case. In the meantime, the State sent a letter to the judge on January 14, 2010, to clarify the State's position. The State wrote,

> In these provisions [RCW 13.40.165(4) and RCW 13.40.160(3)] of the Juvenile Justice Act [of 1977], the Legislature specifically granted a court sua sponte authority for disposition. This is in stark contrast to RCW 13.40.127(2) where the Legislature specifically did not grant sua sponte authority to a court on dispositional matters. The Legislature provided separate and distinct language in RCW 13.40.127(2), which prevents the court from sua sponte disposition.

> In the case at hand, the Respondent, the Respondent's counsel, and the State have all agreed that in consideration for the State reducing the charge from an Assault in the Second Degree to an Assault in the Third Degree, the Respondent would plead guilty to the Assault in the Third Degree and not seek a deferred disposition. The State also agreed to allow the Respondent's Counsel and JPC [juvenile probation counselor] to petition the court for early termination if all conditions, including restitution, have been completed. This agreement took into account the mitigating factors associated with the nature of the crime and the Respondent's history.

> . . . The Respondent is currently not asking for a deferred disposition and his counsel has not noted a Motion for Deferred Disposition. Therefore, . . . a deferred disposition is not statutorily available option to the court.

At the February 1, 2010 disposition hearing, the court noted,

> So the end result is effectively the State then by, at least in plea bargains, could control whether a deferred disposition is available to a respondent in a juvenile case . . . .

> . . . .

. . . I don't think the deferred disposition or deferred sentence should be something that is truly within the complete control of the State such that a plea bargain could effectively eliminate that as an option for the Court without causing the agreement to be violated . . . .

Report of Proceedings (RP) (Feb. 1, 2010) at 26-28.

¶5 Over the State's objection, the court on its own initiative entered an order deferring the disposition for 6 months on condition Mohamoud be on community service for 6 months, perform 30 community service hours, pay victim restitution, have no contact with Sutton and a witness, attend school regularly, and participate in counseling if recommended by the juvenile probation counselor.[4] The State appeals the deferred disposition order.[5]

## STANDARD OF REVIEW

¶6 Statutory interpretation is a question of law that we review de novo. In interpreting statutory provisions, the primary objective is to ascertain and give effect to the intent and purpose of the legislature in creating the statute. To determine legislative intent, we look first to the language of the statute. If a statute is clear on its face, its meaning is to be derived from the plain language of the statute alone. Legislative definitions included in the statute are controlling, but in the absence of a statutory

---

[4] The court also required Mohamoud to reside in a JPC approved residence, not use or possess drugs, alcohol, or weapons, and not commit any new "probable cause offenses." The court set deferred restitution of $100.

[5] While this appeal was pending, Mohamoud moved the juvenile court to dismiss this case because he had satisfactorily completed all conditions of his deferred disposition. On June 30, 2010, the juvenile court dismissed Mohamoud's case, over the State's objection. Mohamoud's counsel on appeal then moved this court to dismiss the State's appeal on mootness grounds, arguing essentially that Mohamoud had completed all conditions of the deferred disposition. The State filed its mootness opposition brief, and Mohamoud filed his mootness reply brief. By notation ruling on September 9, 2010, a commissioner of this court determined, "[T]he issues raised in the motion to dismiss are intertwined with the merits of the appeal. At the direction of a panel of judges, the motion to dismiss is passed to the merits to be decided at the time a panel of judges considers the merits of the appeal." Notation Ruling, *State v. Mohamoud*, No. 64958-2-I (Wash. Ct. App. Sept. 9, 2010).

definition, this court will give the term its plain and ordinary meaning ascertained from a standard dictionary, as well as the context in which the statute appears, including related provisions. A statute is unclear if it can be reasonably interpreted in more than one way. However, it is not ambiguous simply because different interpretations are conceivable. We are not obliged to discern any ambiguity by imagining a variety of alternative interpretations. An unambiguous statute is not subject to judicial construction. Whether a deferred disposition was ordered pursuant to statutory authority is reviewed de novo. *State v. Watson*, 146 Wn.2d 947, 954-55, 51 P.3d 66 (2002); *In re Det. of Hawkins*, 169 Wn.2d 796, 238 P.3d 1175 (2010).

## DISCUSSION

¶7 The primary issue here is whether the juvenile court had authority to order, on its own initiative, a postconviction deferred disposition under RCW 13.40.127. The State contends the court lacked statutory authority to order a deferred disposition because (1) the order was untimely, (2) it raised the issue on its own initiative, and (3) it did not follow the statute's mandatory requirements.

¶8 Under the Juvenile Justice Act of 1977, chapter 13.40 RCW, a juvenile court has discretion under certain circumstances to defer disposition of an offender's conviction. RCW 13.40.127.[6] The deferred disposition statute, RCW 13.40.127(9), provides juvenile offenders with an

---

[6] RCW 13.40.127 provides,

"(1) A juvenile is eligible for deferred disposition unless he or she:

"(a) Is charged with a sex or violent offense;

"(b) Has a criminal history which includes any felony;

"(c) Has a prior deferred disposition or deferred adjudication; or

"(d) Has two or more adjudications.

"(2) The juvenile court may, upon motion at least fourteen days before commencement of trial and, after consulting the juvenile's custodial parent or parents or guardian and with the consent of the juvenile, continue the case for disposition for a period not to exceed one year from the date the juvenile is found guilty. The court shall consider whether the offender and the community will benefit from a deferred disposition before deferring the disposition.

opportunity to earn vacation and dismissal of a case with prejudice upon full compliance with "conditions of supervision and payment of full restitution." This meets "the needs of the juvenile" and the "rehabilitative and accountability goals" of the Juvenile Justice Act. *State v. J.H.*, 96 Wn. App. 167, 181, 978 P.2d 1121(1999).

¶9 Under this sentencing alternative, before the trial court enters a finding or accepts a plea of "guilty," an offender must "[s]tipulate to the admissibility of the facts contained in the written police report"; "[a]cknowledge that the report will be entered and used to support a finding of guilt and to impose a disposition if the juvenile fails to comply with terms of supervision"; and "[w]aive" the juvenile's right to speedy disposition and to call and confront witnesses. RCW 13.40.127(3)(a), (b), (c). "Following the stipulation, acknowledgement, waiver, and entry of a finding or plea of guilt," the court may then defer entry of an order of disposition of the juvenile for up to a year from the date the offender is found guilty, during which time the juvenile must comply with all court-ordered conditions of supervision. RCW 13.40.127(4), (2).

¶10 After the period set forth in the order of deferral has expired and the trial court finds the offender has complied with the conditions of supervision and paid full restitution, if applicable, the court shall then vacate the conviction and

"(3) Any juvenile who agrees to a deferral of disposition shall:

"(a) Stipulate to the admissibility of the facts contained in the written police report;

"(b) Acknowledge that the report will be entered and used to support a finding of guilt and to impose a disposition if the juvenile fails to comply with terms of supervision; and

"(c) Waive the following rights to: (i) A speedy disposition; and (ii) call and confront witnesses.

"The adjudicatory hearing shall be limited to a reading of the court's record.

"(4) Following the stipulation, acknowledgment, waiver, and entry of a finding or plea of guilt, the court shall defer entry of an order of disposition of the juvenile.

"(5) Any juvenile granted a deferral of disposition under this section shall be placed under community supervision. The court may impose any conditions of supervision that it deems appropriate including posting a probation bond. Payment of restitution under RCW 13.40.190 shall be a condition of community supervision under this section."

dismiss the case with prejudice. RCW 13.40.127(9). If, however, the trial court finds the offender failed to comply with the court-ordered conditions, the court shall then enter an order of disposition. RCW 13.40.127. Not all juvenile offenders are eligible for deferred disposition. RCW 13.40-.127(1) provides, "(1) A juvenile is eligible for deferred disposition unless [the juvenile]: (a) Is charged with a sex or violent offense; (b) Has a criminal history which includes any felony; (c) Has a prior deferred disposition or deferred adjudication; or (d) Has two or more adjudications."[7]

¶11 The State first argues that "the post-conviction deferred disposition order was untimely and is void at the outset." Appellant's Br. at 8. Mohamoud responds that his postconviction deferred disposition is timely because "no fact-finding hearing had ever begun, and the December 15, 2009, trial date was stricken before [Mohamoud] pled guilty." Resp't's Br. at 9.

¶12 RCW 13.40.127(2) provides,

> The juvenile court may, upon motion *at least fourteen days before commencement of trial* and, after consulting the juvenile's custodial parent or parents or guardian and with the consent of the juvenile, continue the case for disposition for a period not to exceed one year from the date the juvenile is found guilty. The court shall consider whether the offender and the community will benefit from a deferred disposition before deferring the disposition.

(Emphasis added.)

¶13 While a juvenile court has discretion to craft an appropriate disposition, it lacks inherent authority to impose a deferred disposition absent a legislative grant of authority. *State v. H.E.J.*, 102 Wn. App. 84, 87, 9 P.3d 835 (2000). An "order deferring disposition is not itself a disposition," but a disposition postponement. *State v. M.C.*, 148 Wn. App. 968, 972, 201 P.3d 413 (2009). And the Juvenile Justice Act provides that unless otherwise authorized, the

---

[7] It is undisputed—Mohamoud is a first-time, nonviolent felony offender for purposes of RCW 13.40.127(1).

"court shall not suspend or defer the imposition or the execution of the disposition." RCW 13.40.160(10).

¶14 We previously considered whether the juvenile court had authority to impose an offender's request for a deferred disposition made at sentencing, not "at least fourteen days before commencement of trial . . . ." RCW 13.40.127(2). *State v. Lopez*, 105 Wn. App. 688, 20 P.3d 978 (2001). Lopez argued that this 14-day rule is merely procedural, not a mandatory requirement. We held the trial court's deferred disposition order void because the court lacked express statutory authority to grant a postconviction deferred disposition. We reasoned,

[T]he trial court does not have inherent authority to suspend or defer a sentence; the Legislature must grant the court such power. As a consequence, the terms of the statutes that grant courts the authority to defer the imposition or execution of a sentence are mandatory; any court action that fails to follow the statutory provisions is void.

*Lopez*, 105 Wn. App. at 697 (citations omitted).

¶15 And in *State v. B.J.S.*, 140 Wn. App. 91, 100-02, 169 P.3d 34 (2007), we held that advising a juvenile he could seek a postconviction deferred disposition after trial constitutes ineffective assistance of counsel. We reasoned that "counsel's failure to inform B.J.S. of the need to move for a deferred disposition before trial undermines confidence in the outcome. B.J.S. was eligible for the deferred disposition." *B.J.S.*, 140 Wn. App. at 101.

¶16 Here, the juvenile court set the trial date for December 15, 2009. Mohamoud's plea of guilty—and thus his adjudication of guilt—occurred on January 13, 2010. The juvenile court imposed the deferred disposition on February 1, 2010—a month and a half after the stricken trial date and some 19 days after conviction. Mohamoud claims the "fourteen days before *commencement of trial*" provision no longer applied to him once the trial date was stricken after

he obtained a negotiated plea agreement.[8] But he cites no controlling authority to support this claim. And the trial date was stricken only because the parties negotiated a plea agreement. Since a timely motion for a deferred disposition comes before conviction, there is always a trial date set on the court's calendar. Mohamoud asserts that "[t]o 'commence' means to begin or start." Resp't's Br. at 9. This assertion is neither logical nor reasonable because a trial never "begins" or "starts" if a timely deferred disposition is granted. We conclude the postconviction deferred disposition order was untimely. Thus, the trial court erred when it imposed a deferred disposition after conviction.

¶17 The State next contends that following a deferred disposition motion, the juvenile court must comply with statutory procedural requirements before deferring the disposition. *See* RCW 13.40.127(1)-(4). The State asserts the court announced its intent to order a deferred disposition without first satisfying the mandatory statutory procedures under RCW 13.40.127(1)-(4), including parental consultation, consideration of benefit to the community and respondent, respondent's stipulation to facts, acknowledgement of the police reports to find guilt, and respondent's waiver of speedy disposition. Mohamoud responds that the court "substantially complied" with the statutory procedures. He cites no controlling authority that "substantial compliance" with the statute's procedural requirements renders the deferred disposition order valid. Resp't's Br. at 8. As we concluded in *Lopez*, the trial court lacks authority to suspend or defer a sentence. The legislature must grant the court such power. When it does so, the statutory terms that authorize a deferred imposition or deferred sentence are mandatory, not discretionary. And any court action that fails to comply with statutory terms is void. *Lopez*, 105 Wn. App. at 697.

---

[8] After plea negotiations in which Mohamoud agreed to plead guilty to third degree assault, the trial date was stricken and the case was assigned to a juvenile court judge for the guilty plea and disposition.

¶18 Contrary to Mohamoud's assertions, our review of the record shows no compliance instead of "substantial compliance" by the court with statutory requirements.[9] The court failed to fulfill some requirements entirely (e.g., consent, community benefit, stipulation, and acknowledgement) while fulfilling untimely other requirements (e.g., parental consultation). The court erred when it ordered a deferred disposition without following all statutory requirements.

¶19 We next consider whether the statute authorizes the court to order a deferred disposition on its own initiative.[10] The State maintains that the court exceeded its statutory authority by ordering a deferred disposition on its own initiative. Mohamoud counters that the statute's plain language authorizes the court to order a deferred disposition "sua sponte" and because "[t]he juvenile court has broad discretion to order a disposition in a juvenile case . . . ."[11] Resp't's Br. at 23. RCW 13.40.127(2) allows the court to impose a deferred disposition "*upon motion* at least fourteen days before commencement of trial." (Emphasis added.) The statute does not define "motion." And it does not expressly provide whether a party or the court must make such a motion. To determine legislative intent, we give "motion" its plain and ordinary meaning ascertained from a standard dictionary, as well as the statutory context, including related provisions. *Watson*, 146 Wn.2d 947, 954-55. Its ordinary meaning is "[a] written or oral application *requesting a court* to make a specified ruling or order." BLACK'S LAW DICTIONARY 1106 (9th ed. 2009) (emphasis added). The plain meaning of the statute does not include the court as a moving party. And when the legislature intended to grant juvenile court authority to impose disposition options under chapter 13.40 RCW, it

---

[9] The State correctly notes, "The post-hoc nature of the proceeding led to most procedures being ignored all together [sic]." Appellant's Reply Br. at 6.

[10] The briefs use the terms "sua sponte" and "court's own motion" when referring to a motion on the court's own initiative.

[11] Because Mohamoud's "broad discretion" claim is discussed above, we do not address it here.

did so expressly.[12] *See* RCW 13.40.165(1) (*"The court, on its own motion* or the motion of the state or the respondent . . . may order an examination by a chemical dependency counselor . . . to determine if the youth is chemically dependent or substance abusing." (emphasis added)); RCW 13.40.160(3) ("When a juvenile offender is found to have committed a sex offense, other than a sex offense that is also a serious violent offense as defined by RCW 9.94A.030, and has no history of a prior sex offense, *the court, on its own motion* or the motion of the state or the respondent, may order an examination to determine whether the respondent is amenable to treatment." (emphasis added)). The specific inclusion of the court in these related provisions demonstrates the legislature's intent to exclude the court as a party who can initiate a deferred disposition on its own motion. *See In re Forfeiture of One 1970 Chevrolet Chevelle,* 166 Wn.2d 834, 842, 215 P.3d 166 (2009) (When the legislature uses different statutory language in different statutory provisions, "a difference in legislative intent is evidenced."); *see also Lundberg ex rel. Orient Found. v. Coleman,* 115 Wn. App. 172, 177, 60 P.3d 595 (2002) ("[W]here the legislature uses language in one instance but different language in another in dealing with similar subjects, a difference in legislative intent is indicated." (citing *City of Kent v. Beigh,* 145 Wn.2d 33, 45-46, 32 P.3d 258 (2001).

¶20 This legislative choice also makes sense in the overall context of the Juvenile Justice Act. For first-time, nonviolent felony offenders, the deferred disposition statute offers a deferral option. This option meets the particularized needs of the juvenile and the rehabilitative and accountability goals of the act. Under the statute, after a stipulation to facts and other procedures, the court adjudicates the case but disposition is deferred and not entered. This deferral allows first-time, nonviolent juvenile offenders who accept responsibility early in the criminal process

---

[12] As discussed above, a deferred disposition is not itself a disposition, but a disposition postponement.

and who have fully complied with court-imposed conditions to seek vacation of the conviction and dismissal of the case with prejudice. RCW 13.40.127(1)-(9). If a juvenile wants to move the court for a deferred disposition, he or she must do so at least 14 days before trial. RCW 13.40.127(2). If the State wants to move for deferred disposition, it can. But the juvenile is under no statutory obligation to agree. Instead, he or she can choose to go to trial or not exercise the one-time deferral opportunity provided for under the statute.[13] RCW 13.40.127(1), (2).

¶21 We conclude the legislature did not intend to grant a juvenile court authority to order a deferred disposition on its own initiative. The court therefore lacked authority to order a deferred disposition in this case.

## CONCLUSION

¶22 In sum, because the juvenile court lacked statutory authority to order a deferred disposition on its own motion under RCW 13.40.127 and because it failed to follow all statutory requirements, the deferred disposition order is void. We reverse and remand for sentencing.[14]

Cox and APPELWICK, JJ., concur.

---

[13] We also note the practical implications of Mohamoud's claim that a court is authorized to initiate deferred disposition on its own motion. It is neither reasonable nor logical that a judge with limited knowledge about the case, including the facts and the parties' intentions, would bring the parties into court 14 days or more before trial to initiate a deferred disposition.

[14] Given our resolution, we do not address Mohamoud's motion to dismiss the State's appeal.