**FILED**
**DECEMBER 13, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35493-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EMANUEL LOPEZ CASILLAS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Emanuel Lopez Casillas appeals his juvenile adjudication for fourth degree assault, domestic violence. We affirm.

## FACTS

The State charged Emanuel Casillas with fourth degree assault, domestic violence, based on an altercation with his on-again-off-again girlfriend, Veronica Herrera. At the time of the incident, Ms. Herrera was 29 years old and Mr. Casillas was 17. Ms. Herrera testified that she stood 5′7″ tall and weighed approximately 250 pounds.

The incident between Ms. Herrera and Mr. Casillas started with a verbal argument. Ms. Herrera had confronted Mr. Casillas about why he was using his cellular telephone in the shower. Ms. Herrera was angry and upset because she was concerned Mr. Casillas was communicating with other women. After some back and forth argument, Ms. Herrera went to the living room in an attempt to cool down. Mr. Casillas followed Ms. Herrera and sat next to her. Ms. Herrera remained angry and was unable to calm down. She stood up and Mr. Casillas also got up. Then Ms. Herrera pushed Mr. Casillas "pretty hard." Report of Proceedings (RP) (Aug. 3, 2017) at 10. Mr. Casillas responded by striking Ms. Herrera in the face. Mr. Casillas hit Ms. Herrera's face so hard that when police officers arrived, an officer observed red marks or welts on Ms. Herrera's face. The officer stated Ms. Herrera appeared visibly upset, red faced, was shaking a bit, and the red marks or welts on her face appeared to have been done with fingers. The officer observed Mr. Casillas did not have any injuries.

A fact finding hearing took place two months and one day after the altercation. At the hearing, Ms. Herrera suggested she was at fault for the altercation and characterized Mr. Casillas's conduct as defensive. The State attempted to impeach Ms. Herrera with her prior inconsistent written statement. The defense objected. In arguing for the ability to pursue questioning, the State acknowledged Ms. Herrera did not mention pushing

2

Mr. Casillas in her written statement. The court sustained Mr. Casillas's objection to this impeachment testimony.

After the State rested, Mr. Casillas moved to dismiss on the grounds that, based on Ms. Herrera's testimony, there was insufficient evidence to support a finding that Mr. Casillas did not act in self-defense. The juvenile court disagreed and denied his motion. Then, after closing arguments were made, the juvenile court made its oral findings and ruling:

> THE COURT: I'm looking—Ms. Herrera may in fact be a woman of more than average size. I do not find her obese in any—at all. But it is plain to the court that [Mr. Casillas] is very much physically superior to her.
> She pushed him. That might have been an assault. But he slapped her hard enough to cause welts on her face. And that is abominable. To slap a person—who is physically inferior to you hard enough in the face to cause welts is very clearly a response that is not reasonable and appropriate to the circumstances.
> I find [Mr. Casillas] guilty of simple assault domestic violence.

RP (Aug. 3, 2017) at 25-26. In response, Mr. Casillas's attorney stated, "I know the court's rationale there was the size of my client. I don't know if the court's taking judicial notice of that because those facts were not in evidence." *Id*. at 26. In response, the court provided that "[t]he factfinder has the ability and may rely on the defendant's size, presence and demeanor, and I did that." *Id*.

3

That same day, the juvenile court entered an order on adjudication finding

Mr. Casillas guilty of fourth degree assault, domestic violence. Less than a week later,

the court entered an order on disposition and sentenced Mr. Casillas to four days in jail.

Mr. Casillas filed his notice of appeal on August 7, 2017. When Mr. Casillas filed

his opening brief on appeal, on February 9, 2018, the record did not contain any written

findings of fact or conclusions of law. However, on March 2, the State served a summons

on Mr. Casillas to appear at a hearing in the trial court for presentment of findings and

conclusions. On March 12, over Mr. Casillas's objection, the juvenile court entered

findings of fact and conclusions of law.

## ANALYSIS

*Delayed entry of written findings of fact & conclusions of law*

In his opening brief, Mr. Casillas argued the juvenile court had not entered the

required findings of fact and conclusions of law pursuant to JuCR 7.11(d). Subsequent

to the filing of the opening brief, this court accepted the State's submission of late

findings of fact and conclusions of law. Mr. Casillas now contends the findings and

conclusions have been improperly tailored to address the arguments he raised in his

opening brief.

A court's delayed entry of findings of fact and conclusions of law is not ordinarily grounds for reversal. *State v. Head*, 136 Wn.2d 619, 624-25, 964 P.2d 1187 (1998) (applying CrR 6.1(d)); *State v. Lopez*, 105 Wn. App. 688, 693, 20 P.3d 978 (2001). A possible exception exists in the context of prejudice. Delayed findings and conclusions might prejudice a defendant if they are tailored to address the issues on appeal. *Head*, 136 Wn.2d at 624-25; *Lopez*, 105 Wn. App. at 693. The defendant bears the burden of proving prejudice. *Head*, 136 Wn.2d at 625.

Mr. Casillas has failed to show improper tailoring or any other form of prejudice. The juvenile court's findings of fact and conclusions of law come directly from testimony presented at the fact finding hearing and the court's oral findings and conclusions at the end of the hearing. For example, findings of fact 11 and 12, "After observing [Mr. Casillas] and the victim's relative sizes, the Court finds [Mr. Casillas] to be very much physically superior to the victim," and "[Mr. Casillas] slapped the victim hard enough to cause welts on her face, which was abominable, not reasonable or appropriate response to the circumstances," are almost directly verbatim from the court's oral findings and ruling. Clerk's Papers (CP) at 70; *cf.* RP (Aug. 3, 2017) at 26. Although some of the court's findings and conclusions relate to issues raised by Mr. Casillas on appeal, this

does not sway our analysis. Mr. Casillas's arguments on appeal were preserved at his fact finding hearing. It was therefore appropriate for the court to address those issues.

The juvenile court's delay in entering written findings of fact and conclusions of law is not a basis for reversing Mr. Casillas's adjudication.

*Self-defense*

It is a defense to an intentional assault that the defendant was acting in self-defense. Under RCW 9A.16.020(3), the use of force on another person "is not unlawful . . . [w]henever used by a party about to be injured, . . . in preventing or attempting to prevent an offense against his or her person, . . . [provided that] the force is not more than is necessary." Once self-defense has been properly raised, the State is obliged to prove the absence of self-defense beyond a reasonable doubt in order to sustain a finding of guilt. *State v. Miller*, 89 Wn. App. 364, 367-68, 949 P.2d 821 (1997).

Self-defense involves objective and subjective components. *State v. Walden*, 131 Wn.2d 469, 474, 932 P.2d 1237 (1997). As to the subjective component, the defendant must have actually believed himself or herself to be in danger of imminent harm. *Id.* In regard to the objective component, there are two separate requirements. First, the defendant's fear of harm must have been reasonable. *Id.* Second, the defendant's use of force must have been not greater than reasonably necessary.

RCW 9A.16.020(3), .010(1). The State can disprove self-defense by establishing an absence of any of the foregoing components.

Here, the State presented sufficient evidence to prove Mr. Casillas was not engaged in self-defense. Specifically, the testimony from Ms. Herrera and the police officer indicated Mr. Casillas used more force than necessary when he struck Ms. Herrera in the face in response to her act of pushing. Given these circumstances, we disagree with Mr. Casillas's challenge to the juvenile court's finding with respect to self-defense.

*Failure to offer witness's sworn statement as an exhibit*

Mr. Casillas argues the juvenile court erred when it allowed the State to recount a portion of what Ms. Herrera wrote in the written statement she provided to the police after Mr. Casillas was arrested. Because Ms. Herrera's written statement was not offered as an exhibit or admitted into evidence, Mr. Casillas argues the juvenile court should not have considered it.

Judges have wide discretion when determining the admissibility of evidence. *State v. Demery*, 144 Wn.2d 753, 758, 30 P.3d 1278 (2001). In a bench trial, we presume the judge followed the law and considered evidence solely for proper purposes. *See State v. Read*, 147 Wn.2d 238, 245, 53 P.3d 26 (2002). A defendant rebuts this "presumption by showing the verdict is not supported by sufficient admissible evidence, or the trial

court relied on inadmissible evidence to make essential findings that it otherwise would

not have made." *Id*. at 245-46.

Mr. Casillas fails to show the juvenile court relied on inadmissible evidence.

The court found Ms. Herrera was the initial aggressor when she pushed Mr. Casillas. It

is therefore apparent the court was not influenced by the State's proffer that Ms. Herrera

had not mentioned the pushing incident in her prior statement to police. Mr. Casillas

has not met his burden of showing error.

## *Judicial notice of defendant's physical attributes*

Mr. Casillas argues the juvenile court erroneously took judicial notice of his

physical size, and, because there was no evidence in the record documenting his physical

attributes, this judicial notice impermissibly led the court to overlook his self-defense

claim. We disagree with this contention.

It is well established that a fact finder can consider a defendant's physical

appearance in court as part of its assessment of guilt or innocence. The most familiar

example is a witness's in-court identification of the defendant as the individual involved

in a crime. But there are other common scenarios. For example, the prosecutor may

point to a change in the defendant's appearance between the time of offense and trial as

evidence of consciousness of guilt. *United States v. Jackson*, 476 F.2d 249, 253 (7th Cir.

1973). A fact finder may also assess a defendant's appearance when necessary to determine the defendant's age or identity. *State v. Magana*, 197 Wn. App. 189, 198, 389 P.3d 654 (2016) (The jury in a statutory rape case could assess the defendant's physical appearance as evidence of age differential.); *Barnett v. State*, 488 So.2d 24 (Ala. Crim. App. 1986) ("'It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age.'") (quoting *State v. Lauritsen*, 199 Neb. 816, 819, 261 N.W.2d 755 (1978)); *State v. Brezillac*, 19 Wn. App. 11, 13-14, 573 P.2d 1343 (1978) (The trial court could compare the defendant's appearance in court to photos contained in prison records.).

Here, the juvenile court properly considered Mr. Casillas's physical attributes when determining whether he utilized excessive force against Ms. Herrera. Only two months had passed between the altercation and the fact finding hearing. It was therefore reasonable for the court to infer that the size difference between Mr. Casillas and Ms. Herrera at the time of the hearing would have been very nearly the same on the date of the altercation. Although it would have been preferable for the court to provide more detail about Mr. Casillas's physical appearance, the court's finding that Mr. Casillas was "very much physically superior to" Ms. Herrera was sufficient to permit meaningful appellate review. CP at 70. *Cf. State v. Payne*, 45 Wn. App. 528, 531, 726 P.2d 997

No. 35493-8-III
*State v. Casillas*

(1986) (It was error for the trial court to find the victim particularly vulnerable to the crime due to her size when record did not contain any information about the victim's size, thereby thwarting appellate review).

## CONCLUSION

The orders on adjudication and disposition are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.           Siddoway, J.