[No. 84952-8.   En Banc.]

Considered February 3, 2011.     Decided February 10, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. NATASHA TUCKER, *Petitioner*.

*Vanessa Mi-jo Lee* (of *Washington Appellate Project*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Ann M. Summers, Deputy*, for respondent.

¶1 PER CURIAM — At issue is whether the State initiated a proceeding to revoke Natasha Tucker's deferred disposition before the juvenile court's jurisdiction over her expired. We grant Tucker's petition for review and hold that the State failed to timely institute revocation proceedings.

¶2 Tucker was 14 years old when she threw a rock through a friend's living room window while arguing over an iPod. The State charged her with residential burglary and malicious mischief. Tucker agreed to plead guilty, and she received a deferred disposition. The juvenile court ordered her to pay $2,630.40 in restitution as a term of community supervision. Tucker largely complied with the terms of supervision, but by the end of the deferred period, she had not fully paid restitution. The court therefore extended the

deferred period for one more year, until November 30, 2008, and set a review hearing for November 7, 2008.

¶3 On the day of the review hearing, Tucker's community supervision officer submitted a report to the court stating that Tucker had completed all conditions except full payment of restitution. Noting that Tucker would exhaust her 24-month time frame for completing her deferred disposition on December 13, 2008, the officer recommended that the matter be set for a revocation hearing after December 13 should Tucker be unable to prove by then that she had paid restitution.

¶4 The court's minutes for the November 7, 2008, hearing state that "[juvenile probation officer] will move to revoke deferred. Parties agree to strike today's hearing and set for revocation." Clerk's Papers (CP) at 42. The next court appearance was set for December 15, 2008. On that date, the court continued the matter to December 30, 2008, because Tucker intended to move to dismiss the charges based on completion of her deferred disposition. The probation department also submitted a second report on December 15 noting that Tucker did well on community supervision but that she and her family were unable to pay the balance of the restitution. The report stated that the department had no recommendation and would defer to the court but that if the court revoked the deferred disposition, the department would recommend no further sanctions.

¶5 On December 30, the State moved to continue the hearing because it was not prepared to argue Tucker's motion to dismiss the charges. The trial court continued the matter to January 6, 2009. At that hearing, Tucker argued that the State had failed to move to revoke her deferred disposition before the deferral period ended, depriving the court of jurisdiction and giving it no choice but to dismiss the charges. The trial court ruled that the report the probation office filed on November 7 initiated revocation proceedings before the end of the supervision period. It therefore denied Tucker's motion to dismiss. At the ensuing revocation hearing, the court revoked the deferred disposition.

¶6 The Court of Appeals affirmed, agreeing with the trial court that the November 7 report instituted revocation proceedings. *State v. N.S.T.*, 156 Wn. App. 444, 232 P.3d 584 (2010). Tucker petitioned for this court's review.

■ ■ ¶7 A juvenile court loses jurisdiction to enforce violations of custody conditions when the period of community custody terminates, unless a violation proceeding was instituted before termination. *State v. Todd*, 103 Wn. App. 783, 789-90, 14 P.3d 850 (2000). A juvenile's failure to comply with the terms of a deferred disposition is determined by a judge "upon written motion by the prosecutor or the juvenile's juvenile court community supervision counselor." RCW 13.40.127(7). The Superior Court Criminal Rules apply to juvenile offense proceedings when the Juvenile Court Rules are not inconsistent. JuCR 1.4(b). The criminal rules provide that CR 7(b) governs motions in criminal cases. CrR 8.2. Under CR 7(b), a motion must state with particularity the relief sought and the grounds for relief. And the rule prescribes the proper form of a motion.

¶8 We disagree with the courts below that the November 7 report by Tucker's community supervision officer properly instituted revocation proceedings against her. The report was plainly not a motion to adjudicate compliance with Tucker's restitution obligation; it stated only that "should Natasha be unable to provide verification of payment of her remaining financial obligations, probation recommends that this matter be set out for revocation." CP at 57. The document did not meet the terms of CR 7(b) by seeking current relief and stating the basis for relief. There was no timely written motion asking the court to adjudicate whether Tucker violated a condition of her supervision. The juvenile court therefore lost jurisdiction when the period of supervision expired without the State's filing a motion to revoke Tucker's deferred disposition.

54

¶9 We reverse the Court of Appeals and vacate the January 27, 2009, orders.

After modification, further reconsideration denied April 1, 2011.