390

[No. 67728-4-I.   Division One.   February 4, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. ERIC LEE LOWE, *Appellant*.

*Eric L. Lowe*, pro se.

*David B. Koch* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Mark K. Roe, Prosecutor*, and *John J. Juhl, Deputy*, for respondent.

¶1 LEACH, C.J. — Eric Lowe appeals the sentence imposed for his conviction for residential burglary, claiming that the trial court erred by including a prior juvenile conviction in his offender score calculation. He contends the juvenile court previously vacated this conviction after a deferred disposition. We disagree and affirm.

¶2 The Juvenile Justice Act of 1977 (Act)[1] allows a court to defer disposition of certain juvenile convictions. If the offender successfully completes the conditions of the deferral, the court may then vacate the conviction. In 2000, Eric Lowe received a deferred disposition for a juvenile third degree assault charge. He did not, however, fully comply with the terms of his supervision, and because the State did not timely move to revoke the deferral, the juvenile court denied the State's motion to revoke the deferred disposition. Because Lowe had not successfully completed the conditions of deferral, the court also did not vacate the conviction. Instead, it dismissed the deferred disposition, leaving the finding of guilt intact.

## FACTS

¶3 In 2011, Eric Lowe pleaded guilty to one count of residential burglary. In his statement of plea of guilty, he agreed with the State's offender score calculation of four and the criminal history used to calculate it. This history included the juvenile assault conviction Lowe now challenges. However, because Lowe was also awaiting trial on other charges, the court postponed sentencing until after resolution of those charges.

¶4 After Lowe's convictions in the second case, the State recalculated his offender score for residential burglary as

---

[1] Ch. 13.40 RCW.

eight. Lowe then argued for the first time that the court should not include the juvenile conviction in his offender score calculation because the juvenile court had dismissed a deferred disposition after denying a motion to revoke it. The juvenile court had denied the motion to revoke because the State filed it after the term of the deferred disposition expired. Omitting the juvenile conviction from Lowe's offender calculation would reduce his score by one point but would not change his standard range for sentencing. The court included the juvenile assault conviction in its offender score calculation and imposed a standard range sentence. Lowe appeals.

## STANDARD OF REVIEW

¶5 "Statutory interpretation is a question of law that we review de novo."[2] "Our chief goal in analyzing and applying a statute is to give effect to the legislature's intent, 'and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.' "[3]

## ANALYSIS

¶6 Lowe asserts that the court erred by counting his juvenile conviction in the offender score calculation. His appeal rests on the assumption that the juvenile court's order dismissing his deferred disposition necessarily vacates the finding of guilt as well. It does not.

¶7 As a preliminary matter, the State argues that Lowe invited any error by not objecting to the State's sentencing recommendation during the plea hearing. However, "a sentencing court acts without statutory authority

---

[2] *State v. Mohamoud*, 159 Wn. App. 753, 757, 246 P.3d 849 (2011).

[3] *Advanced Silicon Materials, LLC v. Grant County*, 156 Wn.2d 84, 89, 124 P.3d 294 (2005) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)).

when it imposes a sentence based on a miscalculated offender score"[4] and Lowe raised the issue before the court sentenced him. Further, the appellate record does not support a claim that Lowe intentionally agreed to an erroneous offender score in order to set up an appeal. Under these circumstances, we decline to apply the invited error doctrine.

¶8 At the time of Lowe's juvenile conviction, the Juvenile Justice Act of 1977 granted the juvenile court discretion to defer disposition of certain juvenile criminal convictions for not more than one year.[5] Not all juvenile offenders were eligible for a deferred disposition.[6] An eligible juvenile who agreed to a deferred disposition had to (1) stipulate to the admissibility of the facts contained in the written police report, (2) acknowledge that the report will be used to support a finding of guilt and to impose a disposition if the juvenile fails to comply with the terms of supervision, and (3) waive his rights to speedy disposition and to call and confront witnesses.[7] Once the juvenile did so, the court had discretion to continue the case for disposition up to a year from the date it found the offender guilty. During that time, the juvenile had to comply with all court-ordered conditions of supervision.[8]

¶9 The Act expressly addressed two possible dispositions following the deferral. Upon a finding by the court of full compliance, the Act required that the court vacate the conviction and dismiss the case with prejudice.[9] Absent an affirmative finding of compliance, the juvenile court lacked authority to vacate the juvenile's conviction and dismiss the

---

[4] *State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994).

[5] Former RCW 13.40.127 (2001). The legislature significantly amended this statute in 2012.

[6] Former RCW 13.40.127(1).

[7] Former RCW 13.40.127(3)(a), (b), (c).

[8] Former RCW 13.40.127(5).

[9] Former RCW 13.40.127(9).

action.[10] If the court found, upon the prosecutor's written motion, that the juvenile failed to comply, the Act required that the court enter an order of disposition.[11] However, the court lost the authority to revoke a deferral and enter a disposition order if the deferral period expired without the State filing a motion to revoke.[12]

¶10 Neither of these two possible dispositions occurred in Lowe's case. On November 28, 2000, the court entered a deferred disposition order. This order found Lowe guilty of third degree assault and continued disposition "for a period of not to exceed one year to _____ [original left blank]." The order required Lowe to comply with stated conditions of supervision during the deferral period. The appellate record reflects no further activity in the case until the State filed a "motion to revoke deferred sentence [sic]" on July 23, 2002. The affidavit supporting the motion alleged that Lowe committed two crimes during the deferral period, to which he pleaded guilty after its expiration. The juvenile court denied the State's motion with the following order:

> IT IS HEREBY ORDERED
>
> The State should have instituted proceedings to revoke the deferred disposition prior to the end of the period of deferral. The motion to revoke is denied. The court dismisses the Respondent's deferred disposition.

¶11 Lowe contends that this order vacated the juvenile court's finding of guilt and dismissed the assault case. He does not and cannot rely upon the language of the order. Instead, he contends that former RCW 13.40.127 provided the court with only two alternatives after it deferred disposition. The court could revoke the deferred disposition if the State filed a timely motion and proved noncompliance. Otherwise, the statute required that the court vacate

---

[10] *State v. D.P.G.*, 169 Wn. App. 396, 400-01, 280 P.3d 1139 (2012).

[11] Former RCW 13.40.127(7).

[12] *State v. Tucker*, 171 Wn.2d 50, 53, 246 P.3d 1275 (2011). The legislature has rewritten RCW 13.40.127. *See* Laws of 2012, ch. 177, § 1.

the conviction and dismiss the case at the end of the deferral period. We disagree and recognize a third possible outcome: the dismissal of the deferred disposition without vacation of the conviction.

¶12 *State v. Tucker*[13] demonstrates that the juvenile court is not required to vacate a conviction at the conclusion of a deferred disposition when the State fails to move timely to revoke the deferral. Tucker appealed the juvenile court's revocation of her deferred disposition. She contended that the State's motion to revoke was not timely, leaving the juvenile court with no choice but to dismiss the charges against her.[14] Our Supreme Court agreed that the juvenile court lacked authority to revoke the deferred disposition because the State did not move to revoke during the deferral period.[15] As a result, it vacated the juvenile court order revoking Tucker's deferred disposition.[16] Significant to this case, the Supreme Court did not vacate Tucker's conviction or remand the case to the juvenile court to take this action. Instead, where the State did not make a timely motion to revoke and the court did not make a finding of full compliance, the deferred disposition expired without the entry of a disposition or the vacation and dismissal of the case.

¶13 Lowe's argument also ignores our recent decision in *State v. D.P.G.*,[17] where we held that after making a deferred disposition the juvenile court lacks authority to vacate a conviction and dismiss a case unless it affirmatively finds full compliance with the conditions of deferral. We based our decision upon the plain language of former

---

[13] 171 Wn.2d 50, 53, 246 P.3d 1275 (2011).

[14] *Tucker*, 171 Wn.2d at 52.

[15] *Tucker*, 171 Wn.2d at 53.

[16] *Tucker*, 171 Wn.2d at 54.

[17] 169 Wn. App. 396, 400-01, 280 P.3d 1139 (2012).

RCW 13.40.127.[18] Here Lowe makes no claim that the juvenile court made such a finding or that the record would support one. Thus, in addition to not stating in its order that it was vacating Lowe's juvenile assault conviction, the juvenile court lacked the authority to do so at the time it entered its order.

¶14 Here, as in *Tucker*, where the State did not timely move for revocation and the court did not find full compliance, the deferred disposition simply expired.[19] The juvenile court did not vacate its finding of Lowe's guilt. The trial court properly included it in Lowe's criminal history.

## CONCLUSION

¶15 Because the juvenile court did not vacate Lowe's assault conviction, the current sentencing court correctly included it in the offender score calculation for the residential burglary charge. We affirm.

APPELWICK and LAU, JJ., concur.

---

[18] *D.P.G.*, 169 Wn. App. at 401.

[19] *Tucker*, 171 Wn.2d at 53-54.