IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | No. 67727-6-I |
| Respondent, | DIVISION ONE |
| v. | |
| ERIC LEE LOWE, | UNPUBLISHED OPINION |
| Appellant. | FILED: March 18, 2013 |

SCHINDLER, J. — Eric Lee Lowe appeals the sentence imposed following the jury convictions for first degree murder, attempted first degree robbery, first degree burglary, second degree assault, and unlawful possession of a firearm. Lowe contends the sentencing court miscalculated his offender score when it included a deferred juvenile disposition in its calculations. We recently rejected the very same argument in State v. Lowe, ___ Wn. App. ___, 293 P.3d 1287 (2013), and affirm.

On November 28, 2000, the juvenile court judge found Lowe guilty of third degree assault but deferred the disposition for one year. After the deferral period expired, the State moved to revoke the deferred disposition due to Lowe's violation of sentence conditions. The juvenile court judge denied the motion as untimely, dismissed the deferred disposition, but did not vacate it.

On June 8, 2011, Lowe pleaded guilty to residential burglary. On July 18, 2011, a jury found him guilty of murder, attempted robbery, burglary, assault, and unlawful possession of a firearm.

On August 24, 2011, the court entered a judgment and sentence on Lowe's guilty plea for residential burglary and a separate judgment and sentence on the jury convictions for murder, attempted robbery, burglary, assault, and unlawful possession of a firearm. The court counted the deferred disposition as a juvenile in calculating the offender score. Lowe appealed. In both appeals, Lowe argued that the court erred by including his juvenile deferred disposition in the calculation of his offender score.[1] On February 4, 2013, we held that the court did not err by including the deferred juvenile disposition in the calculation of the offender score and affirmed the sentence imposed for residential burglary. Lowe, 293 P.3d at 1287.

Lowe contends that under the deferred disposition statute, former RCW 13.40.127 (1997), the court had only two options at the end of the deferral period: either revoke the deferred disposition, or vacate the conviction and dismiss. Because the State did not timely move to revoke the disposition, Lowe claims the juvenile court's order dismissing the disposition necessarily vacated it. We considered and rejected the same argument in Lowe, 293 P.3d at 1288.

---

[1] Shortly after sentencing, Lowe filed a motion to withdraw his guilty plea to residential burglary and a motion to amend the judgment and sentence on his other convictions. Both motions were transferred to this court as personal restraint petitions.

No. 67727-6-I/3

In <u>Lowe</u>, we concluded that where, as here, the State does not timely move to revoke the disposition, and the court fails to make the statutorily required finding that the defendant complied with all terms of supervision, the court lacks authority to revoke or vacate the disposition and the disposition simply expires. <u>Lowe</u>, 293 P.3d at 1290. When this occurs, the finding of guilt remains intact and the disposition is properly included in the defendant's offender score. <u>Lowe</u>, 293 P.3d at 1290.

Affirmed.

WE CONCUR: